IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY BETH OCASIO, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 06-5594 |
| | : | |
| LINCOLN TECHNICAL INST., | : | |
| INC., et al., | : | |
| Defendants | : | |

M E M O R A N D U M

**STENGEL, J.**                                                                 November   29, 2007

      This is an employment discrimination case based on race brought under Title VII of the Civil Rights Act, the Pennsylvania Human Relations Act, and Pennsylvania common law.  Counsel for the plaintiff filed a motion to withdraw.  In response to the motion, the defendants request that I dismiss the complaint for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  After a hearing on the motion, I granted counsel's request to withdraw, and took the request to dismiss under advisement.  For the following reasons, I will dismiss the complaint in its entirety with prejudice.

**I.  BACKGROUND**

      The complaint alleges that Mary Beth Ocasio is a 40 year-old Hispanic woman living in Allentown, Pennsylvania.  For almost two years, she worked as an Instructor at Lincoln Technical Institute.  She maintained satisfactory job performance.  During her tenure, Ocasio claims to have been subjected to discrimination, exposed to a hostile work

environment, and retaliated against because she complained of the discrimination. This discrimination included incessant harassment and repeated comments about her race. Once, when she complained to a co-worker about why she was being harassed, the co-worker responded, "Well look at the color of your skin." The plaintiff reported this remark to the director of the school, but nothing was done to investigate it. At a meeting a month later, another employee made a comment regarding Latino students and some of the employees laughed because they misinterpreted the comment as racial. Again, nothing was done by management to reprimand the laughing employees. Overtime was usually given to white employees, and repeatedly not offered to the plaintiff. When she complained about the harassment, discrimination, and hostile work environment, the behavior escalated and intensified.

      Shortly thereafter, the plaintiff was suspended by the director based on allegations of misconduct. At a Rule 16 Conference, counsel for the defendants explained that the inappropriate conduct charged against Ocasio involved teaching her medical technology students through the use of "dry injections" which are strictly forbidden by Lincoln Tech. A couple weeks after the suspension, Ocasio's employment was terminated. She claims that the reasons Lincoln Tech gave for the termination are pretext for unlawful employment discrimination. Since then, the plaintiff has continued to suffer mental anguish, fear, and anxiety.

      Counsel for the defendants also mentioned at the Rule 16 Conference that, as a

member of Teamsters Local 773, Ocasio was provided the opportunity to arbitrate her termination.  After a hearing, the arbitrator determined that Ocasio was terminated for just cause.  Ocasio's attorney first learned of this arbitration at the Rule 16 Conference.

## II.  LEGAL STANDARD FOR DISMISSAL PURSUANT TO 41(b)

The defendants insist that the only recourse under these circumstances is dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which provides, "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits."  The Third Circuit Court of Appeals has provided guidance for dismissing a case for failure to prosecute.  The factors to consider include:  1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet the scheduling orders and respond to discovery; 3) the history of dilatoriness; 4) whether the conduct of the party or the attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal; and 6) the meritoriousness of the claim or defense.  Poulis v. State Farm Fire & Casualty Co., 747 F.2d 868 (3d Cir. 1984).

## III.  DISCUSSION

Upon receipt of counsel's motion to withdraw and the defendants' response, I scheduled a hearing on the motion.  As an accommodation to Ocasio who lives in

Allentown, I conducted the hearing in the courthouse at the Reading station. Ocasio, who was ordered to attend and was properly notified about the hearing, did not attend.

A careful balancing of the Poulis factors heavily weighs in favor of dismissal of this action. Ocasio bears full personal responsibility for failing to cooperate with her attorney during this litigation, and for ignoring a court Order to attend a hearing. Counsel testified that the last time he was in contact with his client was on August 8, 2007, when they prepared for the Rule 16 Conference. Since then, he has tried repeatedly to contact her to prepare answers to discovery requests from the defendants. Counsel testified credibly that numerous telephone calls had been placed over the months to Ocasio, that messages had been left, and that several letters were sent via regular United States mail, and certified mail. Ocasio never responded. The certified mail was returned as having not been accepted, but the regular mail was not returned. Counsel has not been able to secure Ocasio's cooperation. Counsel finally sent Ocasio a letter advising her that unless she contacted him by September 19, 2007, he would seek leave to withdraw as counsel. Counsel filed this motion after that date passed, indicating that the attorney-client relationship had broken down to the extent that he could no longer effectively represent her.

Next, the defendants have greatly been prejudiced by Ocasio's lack of cooperation. She is solely responsible for her failure to cooperate in the discovery process. Currently, the discovery deadline of October 15, 2007 has expired. Dispositive motions were due on

November 15, 2007.  The defendants have spent much time and money in defending this action without cooperation from the plaintiff.  The plaintiff's dilatoriness has continued for months and has brought the litigation process to a halt.  Having received no other possible excuse, I am convinced that Ocasio's behavior is willful and in bad faith.  I gave Ocasio the opportunity to be heard, to explain her resistance to participating in the litigation process, and in effect to convince me why I should not dismiss her case.  She chose not to take that opportunity.  I can think of no effective sanction other than dismissal.  Finally, the meritoriousness of Ocasio's claim is questionable given the decision of the arbitrator.  I will grant the defendants' request to dismiss this action in its entirety.

      An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARY BETH OCASIO,** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 06-5594 |
| | : | |
| **LINCOLN TECHNICAL INST.,** | : | |
| **INC., et al.,** | : | |
| Defendants | : | |

## O R D E R

**STENGEL, J.**

**AND NOW**, this   29th   day of November, 2007, upon consideration of the defendants' request to dismiss this case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and after a hearing in open court, it is hereby ORDERED that the request is GRANTED.

IT IS FURTHER ORDERED that this case is DISMISSED with prejudice.

The Clerk of Court shall mark this case closed for all purposes.

BY THE COURT:


 /s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.